UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RONALD EDWARD WILLIAMS,   )
             )
      Petitioner,  )
             )
    v.       )   No. 2:15-cv-00182-JMS-WGH
             )
LEANN LARIVA, Warden.    )
             )
      Respondent.  )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi,* 419 F.3d 722, 723–24 (8th Cir. 2005)(quoting *Beck v. Mo. State High Sch. Activities Ass'n,* 18 F.3d 604, 496 n.7 (1969)). As explained in the Entry of September 3, 2015, that is what has occurred with respect to the prison disciplinary proceeding Ronald Edward Williams challenged as invalid in this action for habeas corpus relief. More specifically, Williams challenged a proceeding conducted on July 23, 2014 involving Incident Report No. 2571521, which the finding made at that hearing has been expunged, and a new hearing was conducted on August 17, 2015. Williams was again found guilty of the charged misconduct. The events just described mean, in part, that the decision of July 23, 2014 no longer exists and the consequence is that his due process challenge to the proceeding conducted on July 23, 2014 is moot. *See Alonso-Castro v. Logan*, No. CV 14-00065-SJO (PLA), 2014 WL 2206381, at *3 (C.D.Cal. May 22, 2014) (concluding that a procedural irregularity in DHO hearings was remedied—and the petitioner's claims concerning those

incident reports were rendered moot—when the BOP corrected the error by conducting new hearings and issuing new findings and sanctions); *Waller v. Zych*, No. 08-CV-15240, 2009 WL 2382557, at *3 (E.D.Mich. July 31, 2009) (dismissing a habeas petition as moot when the incident report and sanctions were expunged and good conduct time restored). The fact that this occurred through the administrative channels of the Federal Bureau of Prisons after this action had been filed is of no consequence. *Macktal v. Chao,* 286 F.3d 822, 825 (5th Cir. 2002)("[I]t is generally accepted that in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions.") (collecting cases).

An action which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). Williams was given a period of time in which to show cause why this action should not be dismissed as moot based on the circumstances described above. He has responded to the notice, but his response fails to establish that the action is not moot. Accordingly, the action will be dismissed for lack of jurisdiction because the habeas petition and the related filings show on their face that Williams is not entitled to the relief he seeks.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __October 16, 2015__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD EDWARD WILLIAMS
05122-055
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel